# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GEORGE W. KEENAN,**

    **Plaintiff,**

**vs.**                                               **Case No. 4:19cv81-RH/CAS**

**JULIE L. JONES, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case in February 2019. ECF No. 1. Plaintiff was granted leave to proceed in forma pauperis motion, ECF Nos. 4-5, and he paid the assessed an initial partial filing fee. ECF No. 6. Thereafter, Plaintiff's complaint, ECF No. 1, was reviewed as required by 28 U.S.C. § 1915A and because it was insufficient, Plaintiff was directed to file an amended civil rights complaint. ECF No. 7. When Plaintiff failed to comply with that Order, a Report and Recommendation was entered recommending dismissal. ECF No. 10. No objections were filed and the recommendation was adopted. ECF No. 12. This case was dismissed without prejudice on July 24, 2019. ECF Nos. 12-13.

In late August, Plaintiff file a motion for relief from judgment. ECF No. 16. Plaintiff also submitted the amended complaint, ECF No. 19, and several affidavits. ECF Nos. 17-18. An Order was entered by United States District Judge Robert L. Hinkle vacating the judgment and remanding the case for further proceedings. ECF No. 20.

Plaintiff's amended complaint ["complaint"], ECF No. 19, has now been reviewed as required by 28 U.S.C. § 1915A. Plaintiff's complaint is brought against nine Defendants, and only former Secretary Julie L. Jones is located in the State of Florida. ECF No. 19 at 3. Six of the remaining eight individual Defendants are located in Virginia where Plaintiff is incarcerated, and the other two Defendants are medical providers.[1] Plaintiff was transferred to the "Virginia Department of Corrections under an interstate Corrections Compact from Florida Department of Corrections on November 10, 2010." *Id.* at 8.

Plaintiff alleges that pursuant to the Compact agreement, the sending state is to make payments to the receiving state for a prisoner's medical and dental expenses. *Id.* He reports that he was diagnosed with the

---

[1] It appears that Plaintiff has provided a corporate address for the medical provider Defendants. ECF No. 19 at 4.

Hepatitis C Virus ["HCV"] in 2015. *Id.* at 9. However, he has not been provided treatment because requests were "denied by the Office of Health Services per Corizon in Florida through the [Interstate] Coordinator" in December 2015. *Id.* In particular, Plaintiff alleges that his doctor "determined that Plaintiff needed the fibroscan to start a treatment plan," but Florida has twice denied such a request. *Id.* at 11. Notwithstanding, Plaintiff also claims that officials in Virginia could make the "necessary decisions to" provide Plaintiff with treatment despite his status as a Florida compact inmate, but have failed to do so. *Id.* at 11-12. Plaintiff contends that he continues to be denied treatment for HCV. *Id.* at 12. As relief, he requests injunctive relief to remedy the deliberate indifference to his serious medical needs. *Id.* at 15.

  The vast majority of the events at issue in this case have taken place in the Commonwealth of Virginia. Although a decision to deny authorization for treatment for HCV was allegedly made in Florida by Defendants Jones and Corizon, all other actions occurred in Virginia where Plaintiff is incarcerated. Indeed, it appears from Plaintiff's complaint that even though Florida officials denied authorization, Virginia officials could have still provided medical care. Additionally, as this case moves forward,

all witnesses and relevant medical records for Plaintiff will be located in Virginia. The most efficient location to continue this case is in the Commonwealth of Virginia which would have the additional benefit of making service of process easier since the majority of the Defendants are located there.

The venue statute provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1). As noted above, the majority of relevant events occurred in Virginia, not in Florida. Plaintiff is located in Chesapeake, Virginia, as are at least three of the Defendants. ECF No. 19 at 3. Thus, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) is in the Eastern District of Virginia, Norfolk Division. 28 U.S.C. § 127(a).

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.

Case No. 4:19cv81-RH/CAS

<u>Kapordelis v. Danzig</u>, 387 F. App'x 905, 906 (11th Cir. 2010); <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988). The interests of justice are better served by transferring this case to the United States District Court, Eastern District of Virginia. There is no need for a hearing prior to directing transfer.  Should Plaintiff object to this recommendation, he must file objections as explained below in the Notice.

**RECOMMENDATION**

In light of the foregoing, and pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Eastern District of Virginia, Jacksonville Norfolk Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 8, 2019.

 s/   Charles A. Stampelos   
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:19cv81-RH/CAS

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.