# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

GEORGE W. KEENAN,

    Plaintiff,

v.                                      CASE NO. 4:19cv81-RH-CAS

JULIE L. JONES et al.,

    Defendants.

_____/

## ORDER FOR TRANSFER

The is a prisoner civil-rights case. The plaintiff George W. Keenan is serving a Florida sentence in the Virginia Department of Corrections under an interstate compact. He asserts he has been unconstitutionally denied treatment for hepatitis C. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that a correctional official violates the Eighth Amendment when the official is deliberately indifferent to a prisoner's serious medical need).

In his amended complaint, Mr. Keenan alleges he has not received the necessary treatment because Florida refuses to pay for it and Virginia refuses to provide the treatment without payment. This is not the first time Florida has been

accused of failing to provide appropriate treatment for prisoners with hepatitis C. *See Hoffer v. Jones*, 382 F. Supp. 3d 1288 (N.D. Fla 2019) (granting an injunction requiring treatment for prisoners with hepatitis C), *appeal filed*, No.19-11921 (11th Cir. May 16, 2019).

Mr. Keenan names as defendants the Director of the Virginia Department of Corrections, five other individuals employed in the Virginia Department of Corrections, the Secretary of the Florida Department of Corrections, Armor Correctional Health Services (alleged to be a provider of medical services to Virginia prisoners), and Corizon Correctional Healthcare (alleged to be a provider of medical services to Florida prisoners).

The case is before the court on the magistrate judge's report and recommendation, ECF No. 23, and the objections, ECF No. 24. The report and recommendation concludes that the case should be transferred to the Eastern District of Virginia based either on improper venue or as a matter of discretion under 28 U.S.C. § 1404(a).

The events or omissions at issue occurred in both the Eastern District of Virginia, where Mr. Keenan is in custody and medical treatment allegedly should have been provided, and in the Northern District of Florida, where Florida allegedly decided not to pay for the necessary treatment. Venue is proper in either district. *See* 28 U.S.C. § 1391(b)(2) (allowing a civil action to be brought in any

district where "a substantial part of the events or omissions giving rise to the claim occurred").

Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Factors informing a court's application of § 1404(a) include relevant public and private interests. *See generally Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995); 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Jurisdiction* §§ 3847-3854 (3d ed. 2011).

An important factor in assessing whether an action should be transferred is the ability to present witnesses live, rather than by deposition, and, even when witnesses can be presented live, the convenience of the witnesses. Here the witnesses who know whether Mr. Keenan needs treatment are in Virginia. The witnesses who know whether Florida's refusal to pay for treatment was the reason for the denial of treatment are in Virginia. The witnesses who know whether Florida in fact refused to pay for treatment, and if so why, are in Florida. But what they told Virginia officials is likely to be more important than why, so the most important testimony on this will be at least equally available in Virginia. On balance, the availability and convenience of witnesses favor transfer.

Another important factor is ability to exercise personal jurisdiction over the defendants. Mr. Keenan apparently asserts claims against the Director of the Virginia Department of Corrections and the Secretary of the Florida Department of Corrections in their official capacities; he has not alleged facts supporting a claim against them individually. But he apparently asserts claims against the five other individuals employed in the Virginia Department of Corrections in their individual capacities; there would be no apparent reason to name them as defendants in their official capacities. It is at least doubtful that those five Virginia employees are subject to personal jurisdiction in Florida. The Secretary of the Florida Department of Corrections, in contrast, may be subject to jurisdiction in Virginia; the Florida Department contracted to have Mr. Keenan housed there.

The overall balance favors transfer.

IT IS ORDERED:

The report and recommendation is accepted. This case is transferred to the United States District Court for the Eastern District of Virginia, Norfolk Division. The clerk must take all steps necessary to effect the transfer.

SO ORDERED on November 1, 2019.

s/Robert L. Hinkle<br>United States District Judge